UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80790-CIV-COHN

BUGATTI INTERNATIONAL, S.A.,

    Plaintiff,

vs.

TRADE SPECIALTIES, INC., d/b/a Yacht Boutique, and BUGATTI MARINE, INC.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER GRANTING CONTEMPT RELIEF SOUGHT IN PLAINTIFF'S AUGUST 4, 2006 MOTION**

THIS CAUSE is before the Court upon the Show Cause hearing held on October 6 and 20, 2006, Plaintiff's Second Renewed Motion for Order to Show Cause Why Defendants and Their Principal Should Not Be Held in Contempt of Court for Violating the January 11, 2006 Final Default Judgment and Permanent Injunction, the March 6, 2006 Order, the June 15, 2006 Order and the July 17, 2006 Order, and Plaintiff's Motion for Standing Order [DE 100], and Plaintiff's Motion for an Order Granting the Relief Sought in Plaintiff's August 4, 2006 Motion [DE 101-2]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. BACKGROUND[1]

Bugatti International, Inc.'s ("Plaintiff" or "Bugatti") present motions seek various forms of contempt relief and another injunction against Defendants Trade Specialties, Inc. and Bugatti Marine, Inc., and their principal, Joao F. Rodrigues, for their continued

---

[1] For further background on this case, please refer to prior orders of this Court that may be found at docket entries 102, 99, 89, 69, 58, and 22.

failure to comply with past orders of this Court barring their use of the Bugatti marks. This Court will not list again the procedural history of this case that has brought us to this point, but refers the reader to the Court's July 17, 2006 Order at pp. 2-5.

This Court entered a final default judgment and permanent injunction against Defendants Trade Specialties, Inc. and Bugatti Marine, Inc., enjoining them from, among other things, using the name "Bugatti" as part of the marks Bugatti Yachts, Bugatti Marine and as part of the trade name Bugatti Marine, Inc. [DE 71]. The permanent injunction included not only the corporate defendants, but also "any of their officers, directors, agents, employees, [etc.] . . . including all persons in active concert or participation with Defendants. . . ." Id. at p. 1. In its July 17, 2006 Order, the Court conceded that:

> it made a mistake in its May 19, 2006 Order when it sought to fashion a remedy for Plaintiff that would leave Mr. Rodrigues with some personal use of the Bugatti marks in the marine industry while the TTAB determined the actual ownership. However, rather than staying in his industry, Mr. Rodrigues went forward and threatened legal action against car dealerships doing business with Plaintiff in the automobile industry. The Court specifically noted in its May 19, 2006 Order that: "Mr. Rodrigues faces the risk of further sanction if he causes the corporate Defendants to violate the injunction before the time that the trademark ownership issues are determined by the USPTO." While Mr. Rodrigues now asserts that he was only enforcing his personal ownership of the trademark, not the corporate Defendants' interest, it is clear that he did not understand the lines that the Court was attempting to draw between the parties in this case.
> 
>      The Court now concludes that such line-drawing was in error. The May 19, 2006 Order, to the extent it sought to carve out some personal use of the marks by Mr. Rodrigues, is vacated to the extent it created such an exception. As the principal officer, director and shareholder of the Defendant corporations, Mr. Rodrigues is personally bound by the January 11, 2006 Default Judgment and injunction against the Defendant corporations. Any ownership of Bugatti marks that Mr. Rodrigues obtained from his own corporations was subject to the dismissal order by Judge

Paine and the Default Judgment entered in this action. Therefore, Mr. Rodrigues should be included in the injunction relief granted to Plaintiffs against the Defendant corporations in the January 11, 2006 Final Default Judgment, including an injunction against contacting Plaintiff's business partners.

Furthermore, the part of the May 19, 2006 Order directing the TTAB to resume its proceedings is also vacated. As Plaintiffs point out, Mr. Rodrigues initiated the initial Trade Specialties litigation on behalf of his corporations despite the ongoing TTAB proceedings. Thus, Mr. Rodrigues does not have a basis to claim that the TTAB proceedings should proceed in the face of the lawsuits that have been filed in this Court that have been adjudicated against his companies' interests, whether by involuntary dismissal or default judgment.

In addition, the July 17, 2006 Order specifically stated that the injunction that was entered as part of the default judgment against the Defendant corporations be amended to state that Mr. Rodrigues is subject to the same injunction, and that all portions of the January 11, 2006 Final Default Judgment shall remain in full force and shall be complied with by Defendants and Mr. Rodrigues.

The present motions seek additional contempt relief based upon Defendants and Mr. Rodrigues' continued use of the Bugatti marks on its website, www.bugattiyachts.com. Plaintiff also submits evidence that Defendants and Mr. Rodrigues' failure to comply with the prior injunction by eliminating their use of the Bugatti mark on merchandise, whether promotional or placing the name on yachts. Initially, Plaintiff sought the additional relief of daily monetary sanction, revocation of corporate charters of Defendants and fictitious name registrations, as well as a writ of bodily attachment for Mr. Rodrigues, stayed for a period of 30 days to permit him to fully comply with this order.

On September 25, 2006, this Court entered an Order to Show Cause, stating

that: "The Court is inclined to grant all of this relief, though . . . the Court feels compelled to set a final hearing and give Mr. Rodrigues an opportunity to show cause why he should not be held in contempt for failure to comply with this Court's prior orders." The Court set the hearing for October 6, 2006.

On October 5, 2006, Mr. Rodrigues contacted chambers staff by telephone and sent by facsimile his response to the Order to Show Cause. This response was also sent by email to Plaintiff's counsel. Mr. Rodrigues indicated that had left the United States in early July, 2006, and did not have a return date scheduled. Mr. Rodrigues was provided the opportunity to appear by telephone at the October 6, 2006 hearing, but did not do so.

At the October 6, 2006 hearing, Plaintiff's counsel reported that Defendants had agreed to comply with the Court's Order, but had not done so at that time. The Court granted Plaintiff's Motion for a Standing Order,[2] and deferred ruling for two weeks on the actual contempt motion, to allow complete compliance by Plaintiff. The Court continued the show cause hearing until October 20, 2006.

At the October 20, 2006 hearing, Plaintiff's counsel reported that Defendants had only transferred one of the three domain name registrations at issue. Plaintiff's counsel asserted that based upon communications made by Mr. Rodrigues to his client by email, Plaintiff remained concerned that complete compliance was not forthcoming, and was seeking the original relief requested, now tailored in the form of an email request made

---

[2] In this part of Plaintiff's Motion, Plaintiff requested the ability to address future contempt violations by submission of a Notice and supporting evidence to the Court, rather than a full-blown motion seeking contempt relief.

4

by Plaintiff to Mr. Rodrigues.  (Exhibit 1 at hearing, attached to Court minutes).

## II.  DISCUSSION

This Court may use a civil contempt proceeding to coerce a party to act in compliance with a prior court order.  Chairs v. Burgess 143 F.3d 1432, 1436 (11th Cir. 1998).   The burden first rests with the petitioner to "establish by clear and convincing evidence that the alleged contemnor violated [a] court's earlier order." Chairs, 143 F.3d at 1436 (citing United States v. Roberts, 858 F.2d 698, 700 (11th Cir.1988)).  The Eleventh Circuit further stated that "[o]nce this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor 'to produce evidence explaining his noncompliance' at a 'show cause' hearing."  Id., (citing Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991)).

It is clear that Plaintiff has met its burden by clear and convincing evidence that Defendants and Mr. Rodrigues have violated this Court's orders.  The bugattiyachts.com website, as detailed in the exhibits attached to Plaintiff's motion, continued to use the Bugatti marks for months after the Court's rulings, and continued to describe Defendants and Mr. Rodrigues as authorized to use the Bugatti marks based upon this Court's May 19, 2006 Order, which this Court explicitly retracted on July 17, 2006.  Mr. Rodrigues failed to take down his website "bugattiyachts.com," and the continued marketing done on that website using the Bugatti name.

The Court thus finds Defendants and Joao Francisco Rodrigues in wilful civil contempt of this Court's Final Default Judgment of January 11, 2006, Permanent Injunction of March 6, 2006, and subsequent Orders of June 15, 2006 and July 17,

2006, with specified remedies detailed in the following section.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Standing Order [DE 100] and Plaintiff's Motion for an Order Granting the Relief Sought in Plaintiff's August 4, 2006 Motion [DE 101-2] are hereby **GRANTED**;

2. Defendants and Mr. Rodrigues are hereby ORDERED to immediately transfer the Plaintiff the two remaining domains -- bugattiyachts.com and bugattiracing.com;

3. Mr. Rodrigues shall pay a fine of $500 per day for ten (10) calendar days beginning Monday, October 23, 2006, for each day that the above domain names are not transferred to Plaintiff, and $1,000 per day for each day beginning November 3, 2006, until such time as Defendants comply with this Order directing transfer of the domain names;

4. Plaintiff is entitled to reasonable attorney's fees and costs for bringing all of the contempt motions;

5. Plaintiff shall file an affidavit detailing its attorney time and expenses spent in prosecuting the contempt motions, within 30 days of this Order;

6. The Court retains jurisdiction to a later application by Plaintiff regarding injunctive relief against non-party registrars of the domain names in question

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of October, 2006.

JAMES I. COHN
United States District Judge

copies to:

Steven Lessne, Esq.  (Plaintiff's counsel shall forward this Order by email to Mr. Rodrigues)

Joao Francisco Camargo Rodrigues
Trade Specialties, Inc./Bugatti Marine, Inc.
1515 N. Federal Highway, Suite 300
Boca Raton, FL 33432